United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **MARIA ERNESTINA AMBRIZ-DE LEON,** § <br> Petitioner, § <br> § <br> v. § <br> § <br> **UNITED STATES OF AMERICA,** § <br> Respondent. § | **Civil Action No. 1:16-101** <br> **Criminal No. 1:12-347-1** |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 24, 2016, Petitioner Maria Ernestina Ambriz-De Leon ("Ambriz-De Leon") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Ambriz-De Leon's motion be **DENIED** because her petition is factually and legally meritless on its face.

## I. Procedural and Factual Background

On April 24, 2012, a federal grand jury – sitting in Brownsville, Texas, – indicted Ambriz-De Leon for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§1326(a) and 1326(b)(1). U.S. v. Maria Ernestina Ambriz-De Leon, Criminal No. 1:12-347-1, Dkt. No. 6 (hereinafter "CR").

### A. Rearraignment

On July 31, 2012, Ambriz-De Leon appeared before the District Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 13.

### B. Sentencing

In the final presentence report ("PSR"), Ambriz-De Leon was assessed a base offense level of eight for unlawfully re-entering the United States after having been convicted of a

felony. CR Dkt. No. 13, p. 4.  Ambriz-De Leon was also assessed an additional sixteen-level enhancement because, in 1999, she had been convicted of a drug trafficking felony – possession with the intent to distribute marihuana. Id.  Ambriz-De Leon received a three-level reduction for acceptance of responsibility. Id.  Thus, Ambriz-De Leon was assessed a total offense level of 21.

Regarding her criminal history, Ambriz-De Leon had 4 adult criminal convictions and was assessed 10 criminal history points. CR Dkt. No. 13, pp. 6-9.  Ambriz-De Leon was assessed an additional two criminal history points because she was on parole[1] at the time that she committed the instant offense. Id., p. 9.  This resulted in a criminal history category of V. Id.  Based upon Ambriz-De Leon's offense level of 21 and criminal history category V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 12.

On December 11, 2012, the District Court sentenced Ambriz-De Leon to 72 months of imprisonment, 3 years of supervised release – without supervision – and a $100 special assessment, which was remitted. CR Dkt. No. 20.  The judgment was entered on December 18, 2012. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment, not counting legal holidays. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Ambriz-De Leon's deadline for filing a notice of appeal passed on January 2, 2013[2]. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 24, 2016, Ambriz-De Leon timely[3] filed a motion pursuant to 28 U.S.C. §

---

[1] Ambriz-De Leon was on parole for a 1998 state court conviction at the time that she committed the instant offense. CR Dkt. No. 13, p. 6.

[2] After judgment was entered, Ambriz-De Leon filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582, which was denied. CR Dkt. No. 23.

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Ambriz-De Leon asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Ambriz-De Leon seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction can do so on constitutional or jurisdictional grounds, or by collateral attack. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that

---

appeal." See also Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Ambriz-De Leon filed her appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary holding "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Ambriz-De Leon's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Ambriz-De Leon's claim.

#### A. Johnson is Inapplicable

Ambriz-De Leon asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA imposes a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just listed and emphasized portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing a increased sentence under ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the

residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Ambriz-De Leon, none of it applies to her case. Ambriz-De Leon was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 13. Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Ambriz-De Leon with a vehicle to relief.

### B. Gonzalez-Longoria Affords No Relief

Ambriz-De Leon seems to make the related argument that she is entitled to habeas relief, because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16. Dkt. No. 1. Section 16 defined a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016). There, the panel held the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Ambriz-De Leon may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-

Longoria is pending consideration en banc.[4]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3. When a court decision is vacated its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the pending Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because Ambriz-De Leon's sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 13, p. 4. Instead, she was enhanced as a result of her prior felony conviction – a "drug trafficking" offense. Accordingly, the analysis in Johnson and Gonzalez-Longoria are not applicable to Ambriz- De Leon's case.

An examination of Ambriz-De Leon's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(I), a sixteen level enhancement was added to Ambriz-De Leon's offense level, because she had a prior felony drug trafficking conviction for which the sentence imposed exceeded 13 months. CR Dkt. No. 13. A drug trafficking offense is expressly defined by the Sentencing Guidelines, not by reference to a residual "crime of violence" provision. Furthermore, the Sentencing Guidelines provision does not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson or Gonzalez-Longoria. See Commentary on U.S.S.G. § 2L1.2.

Thus, Ambriz-De Leon's reliance on Johnson and its progeny is factually and legally misplaced. For those reasons, her claim is meritless and should be denied.

**IV. Recommendation**

---

[4] 813 F.3d 225 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

WHEREFORE it is **RECOMMENDED** that the Petitioner Maria Ernestina Ambriz-De Leon's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Ambriz-De Leon's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Ambriz-De Leon's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking

on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 6, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge